**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3452
_____

GUSTAVO FIGUEROA NIEVES; PATRICIA ISABEL FIGUEROA,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency Nos. A202-050-840, A202-050-841)
Immigration Judge:  David Cheng
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 8, 2021
_____

Before: SHWARTZ, KRAUSE, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 8, 2021)
_____

OPINION*
_____

SHWARTZ, <u>Circuit Judge</u>.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Gustavo Figueroa Nieves and Patricia Isabel Figueroa ("Petitioners") petition for review of a decision of the Board of Immigration Appeals ("BIA") concluding that Petitioners' counsel did not render ineffective assistance and affirming the Immigration Judge's ("IJ") denial of cancellation of removal. We will: (1) deny the petition in part because Petitioners did not demonstrate prejudice from their counsel's allegedly deficient representation; and (2) dismiss the petition in part because Petitioners did not exhaust their U visa argument before the BIA.

I

Petitioners, a married couple, are natives and citizens of Ecuador who entered the United States without authorization.[1] They have two children: B.E., whose biological father was removed to Ecuador, and A.F., who is Petitioners' biological daughter.

In 2014, Petitioners filed a counseled asylum application, which they later withdrew. Three years later, the Department of Homeland Security ("DHS") served Petitioners with Notices to Appear ("NTA") before an IJ, charging them with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole. Before the IJ, they admitted the factual allegations in the NTAs and conceded removability.

---

[1] Petitioners alleged that they crossed the border into Arizona at different points in 2000.

Attorney Leonard Hecht entered an appearance and filed applications for cancellation of removal for Petitioners.[2] In connection with these applications, Hecht provided: (1) a psychological report indicating B.E. was diagnosed with Separation Anxiety Disorder related to his biological father's removal to Ecuador and his possible relocation there; (2) school records for B.E. and A.F.; (3) evidence of the family's physical presence in the United States; (4) tax records; (5) a letter from a clergyman attesting to Petitioners' good moral characters; (6) biographical documents including birth and marriage certificates; and (7) country condition reports for Ecuador.

Attorney Vita Flysic, Hecht's colleague, appeared with Petitioners at the merits hearing. Nieves explained to the IJ that if he and Figueroa were removed, they would take B.E. and A.F. with them to Ecuador. He testified that B.E. does not want to move to Ecuador because he does not know anyone there and speaks very little Spanish. Figueroa similarly testified that B.E. is very nervous about having to move to Ecuador. Nieves indicated that while the psychologist expressed concern about B.E., he did not have similar concerns for A.F., even though she also speaks very little Spanish. Finally, Nieves testified that he was worried about B.E. and A.F.'s educational opportunities and health insurance coverage in Ecuador.

The IJ denied the applications for cancellation of removal and ordered Petitioners removed to Ecuador. The IJ concluded that Petitioners failed to establish that removal

---

[2] Hecht was also Petitioners' counsel for their previous asylum application.

"would result in exceptional and extremely unusual hardship" to their children because the hardship the children would face is "what would be ordinarily expected for an individual who has been [in the United States] for a period of time and now is subject to removal." A.R. 256. The IJ also noted that B.E.'s Separation Anxiety Disorder did not impose an exceptional hardship because he would not be separated from Petitioners or his biological father since they would all be in Ecuador.

Petitioners retained new counsel who appealed the IJ's decision and filed a motion asking the BIA to remand their case to the IJ due to ineffective assistance of counsel. They argued that Hecht and his law firm provided ineffective assistance by failing to attend certain hearings before the IJ, sending unprepared associates to represent Petitioners at other hearings, failing to prepare Petitioners to testify at their merits hearing, failing to call the psychologist to testify, and not timely submitting hardship evidence.[3] They included documents regarding a then-ongoing fraud suit against Hecht's firm, explaining that he had a history of filing meritless asylum applications that triggered deportation proceedings for several clients as well as two unsigned, undated Spanish-language letters and several family photographs.

The BIA dismissed the appeal and denied the motion to remand. The BIA: (1) adopted the IJ's reasoning for denying cancellation of removal; (2) rejected Petitioners' ineffective assistance claim because they did not notify their former counsel or the bar

---

[3] Contrary to the Government's assertion, Petitioners did raise the issue of counsel failing to prepare them for their merits hearing in their brief to the BIA.

about counsel's alleged misconduct and thus failed to comply with Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988); and (3) concluded that, even if Petitioners had complied with Lozada, remand for a new hearing was not warranted because they could not demonstrate prejudice since the proposed additional evidence did not create a reasonable likelihood that the outcome of the proceedings would have been different.

Petitioners petition for review.

II[4]

A

To prevail on a claim of ineffective assistance of counsel in removal proceedings, a petitioner "must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (quotation marks omitted). Additionally, a petitioner must satisfy Lozada's three procedural requirements:

> (1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond (this response should be submitted with the alien's pleading asserting ineffective assistance); and (3) state whether a complaint

---

[4] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252.

"When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions." Lupera-Espinoza v. Att'y Gen., 716 F.3d 781, 785 (3d Cir. 2013) (quotation marks omitted). "We review the BIA's denial of a motion to remand for abuse of discretion and review underlying findings of fact for substantial evidence." Tilija v. Att'y Gen., 930 F.3d 165, 170 (3d Cir. 2019). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." Id. (quotation marks omitted).

has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation, and if not, why not.

Id. (alteration in original) (quotation marks omitted). These procedural requirements "serve as a threshold and a screening mechanism to help the agency assess the substantial number of ineffective assistance claims that it receives." Id. (quotation marks omitted).

The parties debate whether Petitioners satisfied Lozada. We need not resolve that debate because, even if we assume Lozada's requirements were satisfied or excused, substantial evidence supports the BIA's conclusion that Petitioners did not demonstrate prejudice. To show prejudice, there must be "a reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." Id. at 159 (alteration in original) (quotation marks omitted). The evidence Petitioners claim counsel should have presented would not have changed the result of the proceedings. First, the additional letters were properly discounted because they were untranslated and unsigned, and the photographs describe only "what [Petitioners'] housing accommodations in Ecuador would look like." Pet'r Br. at 32. These living conditions alone do not demonstrate Petitioners' children would face exceptional or extremely unusual hardship in Ecuador. See Matter of Andazola-Rivas, 23 I. & N. Dec. 319, 324 (B.I.A. 2002) ("While almost every case will present some particular hardship, the fact pattern presented here is . . . not substantially different from those that would normally be expected upon removal to a less developed country."). Second, the psychologist's report was presented to the IJ and Petitioners have not explained how his live testimony would differ from his report. See

6

Al-Saka v. Sessions, 904 F.3d 427, 432 (6th Cir. 2018) (concluding there was no prejudice from counsel failing to call certain witnesses because there was "no affidavit or other record evidence showing what new insights the witnesses could bring or how those insights could have changed the outcome of [the petitioner's] case"). Moreover, the IJ reasonably concluded that B.E. "would not suffer from . . . separation anxiety because both his parents along with the rest of his family members would be returning to Ecuador with him." A.R. 257. Third, it is unclear how Petitioners' testimony regarding hardship would have differed had Hecht prepared them more fully for their merits hearing, since the evidence before the IJ indicated that B.E. and A.F. were "healthy children, doing well." A.R. 257; cf. Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 388-89 (3d Cir. 2020) (concluding that the petitioner was prejudiced by counsel's failure to introduce evidence of the "children's medical hardships," which "led the IJ to conclude that the children's health was generally good" (quotation marks omitted)); Contreras v. Att'y Gen., 665 F.3d 578, 588 (3d Cir. 2012) (finding no prejudice where the petitioners provided only a "speculative possibility that [they] might . . . become eligible for relief from removal"). Thus, substantial evidence supported the BIA's conclusion that Petitioners were not prejudiced by their former counsel's alleged ineffective assistance.

B

7

Petitioners also request that we hold the appeal in abeyance or remand their case to the BIA, pending resolution of their recently-filed U visa applications.[5]  Because Petitioners never raised this issue before the BIA, we lack jurisdiction to review it.  See 8 U.S.C. 1252(d)(1).[6]  Additionally, an opportunity to apply for a U visa is not a proper ground for remand because United States Citizenship and Immigration Services ("USCIS") has "sole jurisdiction over all petitions for U nonimmigrant status" visas, 8 C.F.R. § 214.14(c)(1), and filing for a U visa "has no effect on [DHS's] authority to execute a final order [of removal]," id. § 214.14(c)(1)(ii).  We will therefore dismiss Petitioners' request to remand based on their pending U visa applications.

---

[5] "U visas allow noncitizen victims of certain crimes who have suffered 'substantial physical or mental abuse,' and who are likely to be helpful in investigating the crime, to remain in the United States as lawful temporary residents."  Sunday v. Att'y Gen., 832 F.3d 211, 213 (3d Cir. 2016) (quoting 8 U.S.C. § 1101(a)(15)(U)).

[6] Petitioners argue that this issue was presented to the BIA because "in informing the BIA of the perjury committed by [Hecht] and the substantial injury that [Petitioners] suffered . . . [they] put the BIA on notice of their eligibility for U-Visa relief."  Pet'r Br. at 50.  While we have described our exhaustion policy as "liberal," such that "an alien need not do much to alert the [BIA] that he is raising an issue," Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006), Petitioners' discussion of their former counsel's alleged misconduct of filing meritless asylum applications is too tangential to have put the BIA on notice of the U visa claim that they now raise, see, e.g., Zhi Fei Liao v. Att'y Gen., 910 F.3d 714, 718 (3d Cir. 2018) ("[A] petitioner who completely omits an issue fails to meet the exhaustion requirement . . . ."); Bin Lin v. Att'y Gen., 543 F.3d 114, 122 (3d Cir. 2008) ("Out of respect for the administrative process, we will not require the BIA to guess which issues have been presented and which have not.").

## III

For these reasons, we will deny the petition for review in part and dismiss it in part.[7]

---

[7] Because Petitioners' petition lacks merit, we will deny their motion to stay removal.